**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01126-NYW

JATINDER SINGH,

      Petitioner,

v.

JUAN BALTASAR, in his official capacity;
TODD LYONS, in his official capacity;
MARKWAYNE MULLIN, in his official capacity; and
TODD BLANCHE, in his official capacity;[1]

      Respondents.

---

### MEMORANDUM OPINION AND ORDER

---

      This matter is before the Court on the Verified Petition for Habeas Corpus ("Petition"), [Doc. 1], and the Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("Motion for TRO"), [Doc. 2]. Respondents filed a consolidated response in opposition, [Doc. 9], and Petitioner has replied, [Doc. 10]. For the reasons set forth below, the Petition is **GRANTED in part**.

### BACKGROUND

      Petitioner Jatinder Singh ("Petitioner" or "Mr. Singh") is a citizen of India who entered the United States without inspection in February 2023. [Doc. 1 at ¶¶ 31–32]. After entry, Mr. Singh was briefly detained before being placed on supervised release.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary Mullin and Acting Attorney General Blanche are automatically substituted into this case.

[*Id.* at ¶¶ 33–34].  He complied with the conditions of his release for three years without incident.  [*Id.* at ¶¶ 35–42].  On March 13, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Mr. Singh "without identifying any immigration violation or breach of supervision conditions."  [*Id.* at ¶¶ 44, 48].

Mr. Singh remains in detention at ICE's Denver Contract Detention Facility in this District.  [*Id.* at ¶ 26].  He has not received a bond hearing or other individualized custody determination.  [*Id.* at ¶¶ 1, 50–51].  The Government purports to detain him under 8 U.S.C. § 1225(b).  *See* [*id.* at ¶ 52; Doc. 9 at 2–3].  Petitioner disputes the Government's interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing.  [Doc. 1 at ¶¶ 58–69, 95–98].  But because § 1225(b)(2)(A) provides for mandatory detention, he has no opportunity for release on bond while the Government considers him detained under this provision.  *See* [*id.* at ¶¶ 63, 68].

The Petition asserts four claims challenging Mr. Singh's detention.  First, Mr. Singh argues that his unlawful detention violates his substantive due process rights under the Fifth Amendment ("Count One").  [*Id.* at ¶¶ 78–85].  Second, he argues that his detention without an individualized custody determination violates his procedural due process rights under the Fifth Amendment ("Count Two").  [*Id.* at ¶¶ 86–93].  Third, he contends that his detention without an individualized custody determination violates § 1226(a) itself ("Count Three").  [*Id.* at ¶¶ 94–98].  Fourth, he asserts that his detention violates the Administrative Procedure Act ("Count Four").  [*Id.* at ¶¶ 99–108].

Mr. Singh seeks, among other things, a writ of habeas corpus ordering that he either be released from custody or granted a bond hearing within seven days.  [*Id.* at 17].

If the Court orders a bond hearing, he asks that the Government bear the burden of proof by clear and convincing evidence. [*Id.*]. The Motion for TRO requests substantially the same relief. *See* [Doc. 2 at 12].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

## I.   Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of

removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2] Under § 1225(a)(1), an "applicant for admission" is

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 11], so the Court does not substantively address detention under this subsection.

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Statutory Claim

The Court's analysis begins with Count Three, the statutory claim. Respondents argue that § 1225(b)(2)(A) applies and requires Petitioner's detention, so he is not entitled to a bond hearing. *See* [Doc. 9]. This Court, following the clear weight of persuasive authority, has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[3] In *Loa Caballero*, this Court reviewed a similar habeas

---

[3] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

petition filed by a noncitizen who was detained without a bond hearing based on the Government's assertion that § 1225 mandated his detention. *See id*. at \*1. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at \*6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at \*7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at \*5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227 (D. Colo. Jan. 6, 2026).

Respondents acknowledge the issue presented in this case "is not materially different" than *Loa Cabellero*, *see* [Doc. 9 at 2], and provide no persuasive reason for the Court to depart from the conclusion it reached in that case. Nor has the Tenth Circuit yet addressed the issue. And although Respondents preserve their arguments to the contrary, they concede that the Court's ruling in *Loa Caballero* will lead the Court to the same conclusion here.

6

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents have failed to provide Petitioner with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a). The Petition is **GRANTED** as to Count Three.

## III. Due Process Claims

Petitioner's constitutional claims, Counts One and Two, spring from his statutory arguments. He argues that his erroneous detention under § 1225(b)(2)(A) violates his substantive and procedural due process rights. [Doc. 1 at ¶¶ 78–93]. Respondents do not dispute that noncitizens detained under § 1226(a) are entitled to an individualized custody determination. *See* [Doc. 9].

Having determined that § 1226(a) governs Petitioner's detention, the Court concludes that his detention without a bond hearing violates due process. Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under [§ 1226(a)]." *Lopez-Campos*, 797 F. Supp. 3d at 785. And as explained above, that process is an individualized bond determination. *See, e.g.*, *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) (describing the process owed under § 1226 as "an individualized bond hearing before an [immigration judge]"); *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 485 (E.D.N.Y. 2025) ("[Section] 1226(a) requires an individualized bond determination."). The Court thus concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights. *See, e.g.*, *Garcia Cortes*, 2025

WL 2652880, at *4; *Lopez-Campos*, 797 F. Supp. 3d at 784–85; *Garcia Abanil v. Baltazar*, --- F. Supp. 3d ----, 2026 WL 100587, at *6–7 (D. Colo. Jan. 14, 2026).  The Court will **GRANT** the Petition as to Counts One and Two.

## IV.    Appropriate Remedy

In the Petition, Mr. Singh requests that this Court order him immediately released. [Doc. 1 at 17].  But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond."  *Nava Hernandez*, 2025 WL 2996643, at *8.  This Court—again following the clear weight of persuasive authority—has held that a bond hearing before an immigration judge fulfills the procedural protections afforded by § 1226(a).  *See, e.g., Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4.  Thus, the Court will order Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited to consider whether Petitioner poses a flight risk and a danger to the community," *Loa Caballero*, 2025 WL 2977650, at *9.

Mr. Singh also asks that the Government bear the burden of proof at the bond hearing.  He provides no explanation or support for this request, *see* [Doc. 1; Doc. 2].  In their response, however, Respondents do not address the issue or even indicate that they oppose the request.  *See* [Doc. 9].  The Court has previously considered this issue in the absence of substantive briefing, and it will do the same here.  *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025).  And as in previous cases, the Court concurs with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225.  *See Martinez Escobar v.*

*Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil*, 2026 WL 100587, at *8 ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)).  *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case).  The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well."  *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Petitioner a bond hearing no later than **April 15, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention.**  On or before **April 22, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[4]

Having granted Mr. Singh relief on Counts One, Two, and Three, the Court does not reach Count Four at this time.  And because his Motion for TRO seeks substantially

---

[4] Petitioner also asks the Court to award him attorney's fees under the Equal Access to Justice Act.  [Doc. 1 at 17].  However, this District's Local Rules require that those requests be made by separate motion.  *See* D.C.COLO.LCivR 54.3.

the same relief as what the Court has already granted, *see* [Doc. 2 at 12], the Motion for TRO is respectfully **DENIED as moot**, *see Loa Caballero*, 2025 WL 2977650, at *9 (denying motion for temporary restraining order as moot after granting petitioner "identical" relief on the merits).

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)     The Verified Petition for Habeas Corpus [Doc. 1] is **GRANTED** as to Counts One, Two, and Three;

(2)     The Motion for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction [Doc. 2] is **DENIED as moot**;

(3)     Respondents shall provide Petitioner a bond hearing no later than **April 15, 2026**.  At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.  **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(4)     On or before **April 22, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  April 8, 2026                          BY THE COURT:

 

_____

Nina Y. Wang
United States District Judge