**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Case No. 26-cv-01126-NYW-TPO

JATINDER SINGH,

     Petitioner,

v.

JUAN BALTASAR, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,

     Respondents.

_____

**ORDER**
_____

This matter is before the Court on Petitioner's Motion to Enforce Habeas Order and for Immediate Release (the "Motion" or "Motion to Enforce"). [Doc. 14]. Respondents have filed a response in opposition. [Doc. 16]. Petitioner has not replied, and the time to do so has elapsed. For the reasons set forth below, the Motion is respectfully **DENIED**.

**BACKGROUND**

Petitioner Jatinder Singh ("Petitioner" or "Mr. Singh") is a citizen of India who entered the United States without inspection in February 2023. [Doc. 1 at ¶¶ 31–32]. He was detained by ICE officers in March 2026. [*Id.* at ¶¶ 44, 48]. That month, he filed a petition for a writ of habeas corpus to challenge the legality of his detention. *See* [*id.*]. This Court granted the Petition on April 8, 2026 and ordered Respondents to provide Mr.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David J. Venturella is automatically substituted into this case as a Respondent.

Singh a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. 11 at 10]. The Court further ordered that "[a]t the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified." [*Id.*].

A bond hearing was held on April 15, 2026. [Doc. 12; 12-1]. At the hearing, the Government presented two "categories" of evidence. [Doc. 14 at 4]. First, it entered Mr. Singh's Form I-213, [*id.*], "a standard government form that documents biographical and factual information about a deportable or inadmissible alien," *Garcia-Aguilar v. Lynch*, 806 F.3d 671, 673 (1st Cir. 2015). Second, and more importantly, the Government presented another IJ's order in Mr. Singh's underlying asylum and removal proceedings that denied withholding of removal and found that Mr. Singh had knowingly filed a frivolous asylum application under 8 U.S.C. § 1158(d)(6) and 8 C.F.R. § 1208.20. [Doc. 14 at 4; Doc. 12-1]; *see also* [Doc. 18-1 at 02:14–03:37 (Government counsel's arguments regarding this evidence)]. If an IJ finds that a noncitizen knowingly submitted a frivolous asylum application, the noncitizen "shall be permanently ineligible for any benefits under [the Immigration and Nationality Act]." § 1158(d)(6); *see* 8 C.F.R. § 1208.20(b). While the Government acknowledged that Petitioner had appealed the other IJ's order, they nevertheless argued that the "frivolous" finding carried "extraordinary" consequences that gave Petitioner a "sharply diminished likelihood of any ultimate relief and . . . a strong incentive to avoid consequences if the BIA affirms." *See* [Doc. 18-1 at 02:21–02:32, 02:53–03:31]. The Government contended that this made Petitioner a "significant flight risk." [*Id.* at 03:31–03:37].

Petitioner, for his part, "submitted approximately 97 pages of documentary evidence demonstrating substantial community ties, stable employment, family support,

2

sponsorship evidence, proof of address, tax records, and extensive letters [of support]." [Doc. 14 at 5]. As for the other IJ's asylum decision, Petitioner's attorney asserted that he had appealed that order to the Board of Immigration Appeals ("BIA") and that, in the interim, he had appeared for all required check-ins and complied with the conditions of his release. [Doc. 18-1 at 03:42–04:30].

After argument, the IJ issued an oral ruling denying bond based on risk of flight. *See* [*id.* at 06:24–06:49]. The IJ did not discuss Mr. Singh's evidence and instead focused on the fact that Mr. Singh "already has a removal order from an immigration judge along with a frivolous finding, and that does not happen very often. That is incredibly serious and it does have great immigration consequences associated with that." [*Id.* at 06:31–06:43]. The IJ thus found that Mr. Singh "is an extreme flight risk." [*Id.* at 06:43–06:49]. The IJ issued a written order consistent with the oral ruling:

> The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:
>
> ☑ Denied, because
> Extreme flight risk - Immigration Judge denied asylum, withholding of removal, CAT and Respondent as found to have knowingly filed a frivolous application for asylum after notice of the consequences. See INA § 208(d)(6); 8 C.F.R. §1208.20

[Doc. 12-1 at 1].

Mr. Singh filed the Motion to Enforce on May 20, 2026, arguing that Respondents had "failed to satisfy their burden under this Court's order" and that the IJ's "resulting custody determination rests on speculation rather than evidence." [Doc. 14 at 2].

## ANALYSIS

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821)).  Respondents acknowledge that the Court "has inherent authority to ensure that its orders are carried out."  [Doc. 16 at 5].

In exercising this authority, the Court emphasizes that the scope of its review is limited.  The INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."  8 U.S.C. § 1226(e).  Section 1226(e) thus "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release."  *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (cleaned up). But "[w]hether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review."  *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)). Accordingly, the Court's review of Mr. Singh's bond hearing "is limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with" the Court's prior Order.  *Trejo v. Bullock*, No. 3:26-cv-00047, 2026 WL 598391, at *2 (E.D. Tenn. Mar. 3, 2026); *see also, e.g.*, *Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).  The Court cannot and does not reweigh the evidence or "serv[e] as an appellate court over [the] IJ's bond decision."  *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026).

Mr. Singh's challenge is also narrow. He does not dispute the procedures employed by the IJ in administering the hearing or rendering a decision. His Motion instead focuses only on the evidence presented by Respondents and relied on by the IJ. *See* [Doc. 14 at 4–9]. As he explains, "[t]he issue before this Court is not whether the Immigration Judge could theoretically infer flight risk from an adverse asylum ruling. The issue is whether Respondents satisfied this Court's order requiring proof by clear and convincing evidence." [*Id.* at 6]. Respondents counter that this "amount[s] to a disagreement with the Immigration Judge's bond determination" and falls outside this Court's jurisdiction.[2] [Doc. 16 at 5–9].

The Court understands the Motion to argue that the evidence underlying the IJ's bond decision is not competent evidence to support a denial of bond under a clear-and-convincing standard. Some courts have recognized that a noncitizen may show a constitutional error where "'the evidence itself could not—as a matter of law—have supported' the IJ's decision to deny bond." *Garcia v. Hyde*, 817 F. Supp. 3d 112, 126 (D.R.I. 2025) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); *accord, e.g.*, *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026). But agency precedent permits an IJ to consider a broad swath of "probative and specific" evidence when making a bond determination. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (setting out nine non-exclusive

---

[2] Respondents further argue that the Court should deny the Motion because Petitioner has not exhausted his administrative remedies. [Doc. 16 at 9–10]. But administrative exhaustion is not mandatory in this context, and this Court has declined to require exhaustion where, as here, a noncitizen asserts a constitutional error in a court-ordered bond hearing. *See Lara Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *4 (D. Colo. May 15, 2026).

factors covering a noncitizen's ties to the United States and immigration history, among other things).  Relevant here, an IJ may consider "the likelihood that relief from removal will be granted in determining whether an alien warrants bond." *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020).  The IJ has discretion to decide which factors to consider and how much weight each factor merits.  *Guerra*, 24 I. & N. Dec. at 40.  And of course, a habeas court "has no authority to encroach upon an IJ's discretionary weighing of the evidence." *Garcia*, 817 F. Supp. 3d at 126 (quoting *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020)).

Although they do not bind this Court, other district court decisions illustrate the type of fundamental evidentiary error that amounts to a due process violation.  In *Castillo v. Field Office Director*, for instance, the IJ began the bond hearing by admitting that he "had not had a chance to review anything that's been filed" and was not "able to prepare properly." 2025 WL 4689387, at *7 (brackets omitted).  But the IJ nevertheless announced a decision at the conclusion of the hearing and denied bond based on Government counsel's unsupported allegation that the noncitizen possessed Child Sexual Assault Material and a "vague, unsworn [and uncorroborated] hearsay statement from an unknown source" that the noncitizen was a gang member.  *Id.* at *3, *6–7.  Or take *D.Y.E.H. v. Warden, Irwin Detention Center*, where the IJ "equate[d] the mere fact of being in removal proceedings with a categorical presumption of flight risk" and denied bond on that basis, despite the fact that the Government never raised flight risk as grounds for denying bond.  --- F. Supp. 3d ----, 2026 WL 1230386, at *5 (M.D. Ga. Apr. 6, 2026).  And in *Garcia v. Hyde*, a district court granted relief where the IJ denied bond based on dangerousness by relying on a decade-old Guatemalan arrest warrant, even though no

6

one knew what the charges were and the noncitizen presented evidence that the warrant was no longer active.  817 F. Supp. 3d at 127–29.

In these cases and others, courts have granted relief on constitutional grounds where the IJ either relied on non-probative evidence outside the considerations permitted by agency precedent, *see Perez Velasquez*, 2026 WL 1042479, at *6 (finding that IJ misapplied clear-and-convincing standard by disregarding the *Guerra* factors and "instead rely[ing] on three pieces of evidence that bear little if any relevance to [p]etitioner's risk of flight" (quotation omitted)), or imposed a rule that "would lead to an automatic denial of bond in all cases" without any individualized analysis, *Alvarado Lopez v. Dillman*, 1:25-cv-2456-LMB-LRV, 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026) (quotation omitted), *appeal docketed sub nom.*, *Alvarado Lopez v. Guadian*, No. 26-6602 (4th Cir. May 14, 2026).

The IJ in this case, however, committed no such error.  As the IJ observed, an order denying withholding of removal and finding Petitioner's asylum application as frivolous cuts directly to his likelihood of obtaining relief from removal.  *See* [Doc. 18-1 at 06:31–06:43]; 8 U.S.C. § 1158(d)(6).  That is a permissible consideration under BIA precedent, *R-A-V-P-*, 27 I. & N. Dec. at 805, as is Mr. Singh's "history of immigration violations," *Guerra*, 24 I. & N. Dec. at 40.  The frivolous finding is also a unique and serious adverse ruling that distinguishes this case from those where an IJ denied bond based solely on the fact that a noncitizen faced removal at all.  *See D.Y.E.H.*, 2026 WL 1230386, at *5.  True, the IJ did not specifically analyze Petitioner's evidence regarding his community ties and history of compliance.  But she acknowledged this evidence at the outset of the hearing, [Doc. 18-1 at 00:55–01:07], and an IJ's "fail[ure] to address

specifically each piece of evidence the petitioner presented" does not amount to clear error in a direct appeal, let alone a due process violation, *Telyatitskiy v. Holder*, 628 F.3d 628, 631 (1st Cir. 2011); *see also, e.g.*, *Molina-Diaz v. Bondi*, 128 F.4th 568, 577 (4th Cir. 2025) (recognizing that an IJ is "not required to discuss every piece of evidence in the record" (quotation omitted)).

While Petitioner may wish that the IJ weighed the evidence differently, the Court concludes that the evidence relied on can support a denial of bond "as a matter of law." *Garcia*, 817 F. Supp. 3d at 126 (quotation omitted). And the Court lacks jurisdiction to review the IJ's discretionary determination that such evidence weighs heavily enough to satisfy the clear-and-convincing standard. *See* § 1226(e). Having satisfied itself that Petitioner's bond hearing complied with this Court's Order and the requirements of due process, the Court need not go further. The Motion to Enforce is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)     Petitioner's Motion to Enforce Habeas Order and For Immediate Release [Doc. 14] is **DENIED**; and

(2)     Because Petitioner has received the relief to which he is entitled, the remaining claims in the Petition [Doc. 1] are **DENIED as moot**. Petitioner is awarded his costs pursuant to D.C.COLO.LCivR 54.1. The Clerk of Court is **DIRECTED** to terminate the case and enter judgment in favor of Petitioner.

DATED:  July 14, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge